**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SCOTT JOHNSON,<br><br>            Plaintiff,<br><br>    v.<br><br>KAY SHIN RHEE, et al.,<br><br>            Defendants. | Case No. 17-cv-02494-BLF<br><br>**ORDER DENYING LEAVE TO MOVE FOR RECONSIDERATION** |

Plaintiff brings suit against the defendants for allegedly violating the Americans with Disabilities Act ("ADA") and the Unruth Civil Rights Act. 42 U.S.C. § 12101 et seq.; Cal. Civ. Code § 51-53. Before the Court is Defendant Kay Shin Rhee's ("Rhee") motion for reconsideration of this Court's order granting Plaintiff's motion to extend the site inspection deadline (the "Order"). Mot., ECF 24. Included in Rhee's motion is also an opposition to Plaintiff's motion to extend the site inspection deadline, as well as a request for Court to sua sponte issue an order to show cause for mootness, lack of standing, and lack of subject matter jurisdiction. *Id.*

In this District, a party must seek leave of court before filing a motion for reconsideration of an interlocutory order. Civ. L.R. 7-9(a). The party seeking leave must show reasonable diligence and one of three following conditions. Civ. L.R. 7-9(b).

**(1)** That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

**(2)** The emergence of new material facts or a change of law occurring after the time of such order; or

**(3)** A manifest failure by the Court to consider material facts or dispositive legal
arguments which were presented to the Court before such interlocutory order.

In this case, Rhee has inexplicably failed to file a timely response to Johnson's administrative motion to extend the date for the site inspection. That request was submitted to the Court as unopposed and granted. Now Rhee seeks reconsideration and affirmative relief asking the Court to sua sponte demand that Plaintiff demonstrate standing. Neither request is well taken and both are denied.

In regard to Rhee's request that the Court set an early motion to dismiss, the Court's standing orders and the Federal Rules of Civil Procedure place that responsibility square only the shoulders of the moving party. The Court does not determine whether such a motion should be filed.

In regard to the request for reconsideration, Rhee has failed to present facts or arguments showing any entitlement to reconsideration. Rhee's discussion of the merits of the underlying motion to extend the site inspection deadline does not make clear as to whether "a material difference in fact or law" exists from that which was presented to the Court prior to the entry of the Order. Rhee's arguments also fail to inform the Court of "the emergence of new material facts or change of law occurring" after the Order. Accordingly, at best, the arguments could be construed as an attempt to demonstrate "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before the interlocutory order." Civ. L.R. 7-9(b)(3). However, Rhee made no timely submission in opposition to Plaintiff's motion and cannot be heard now in the guise of reconsideration, to assert those arguments.

For the foregoing reasons, the motion is DENIED.

**IT IS SO ORDERED.**

Dated: August 9, 2017

BETH LABSON FREEMAN
United States District Judge

2